UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| CHARLES EDWARDS HOPKINS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Case No.: |
| | ) |
| FEDEX FREIGHT, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, CHARLES EDWARDS HOPKINS, JR. (hereinafter "Plaintiff" or "Hopkins"), and files his complaint against Defendant FEDEX FREIGHT, INC. (hereinafter "Defendant" or "FedEx") and in support he states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA") and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq*. ("FCRA"), to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of his disability leading to Plaintiff's unlawful discharge.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff, Hopkins is a citizen of the Unites States and is and was at all times material a resident of the State of Florida, residing in Miami-Dade County, Florida.

6. Defendant, FedEx is a Foreign For-Profit Corporation with its principal place of business in Memphis, Tennessee. Defendant does business in this Judicial District at 5861 Pembroke Road, Hollywood, Florida 33023.

7. Plaintiff worked for Defendant at its 5861 Pembroke Road, Hollywood, Florida 33023 location.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about September 9, 2016, Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission (EEOC") satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred (300) days after the unlawful employment practices occurred.

12. April 30, 2019, the EEOC issued to Plaintiff a Letter of Determination stating there is Reasonable Cause to believe Defendant discriminated and retaliated against Plaintiff.

13. The parties engaged in Conciliation but came to an impasse.

14. On July 24, 2019 the EEOC issued to Plaintiff his Notice of Right to Sue.

15. On August 1, 2019, the EEOC revoked the Notice of Right to Sue issued on July 24, 2019 and reissued to Plaintiff his Notice of Right to Sue (Conciliation Failure).

16. This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Notice of Right to Sue issued on August 1, 2019.

## FACTUAL ALLEGATIONS

17. Plaintiff worked for Defendant for nearly seventeen (17) years. Plaintiff worked his way up from a part-time dock worker to a full-time City Driver.

18. Plaintiff is disabled.

19. At all times relevant to this action Plaintiff had severe obesity which is a physical impairment within the meaning of the ADA and which Defendant regarded as such an impairment.

20. At all times relevant to this action Plaintiff weighed over four-hundred pounds.

21. Plaintiff also suffered from sleep apnea which impacts Plaintiff' ability to sleep and breathe, both major life activity.

22. At all times relevant Plaintiff was a qualified individual with a disability within the meaning of the ADA.

23. In the alternative Defendant regarded Plaintiff as being disabled.

24. Plaintiff was, at all times relevant, able to perform the essential functions of his position with Defendant with accommodation, namely, assignment to a special tractor.

25. As a City Driver, Plaintiff was responsible for delivering packages to various residential and commercial locations.

26. Defendant assigns each City Driver a tractor through a bidding system. Once assigned a tractor, City Drivers will use the same tractor for approximately six months before the bidding process begins again.

27. City Drivers connect their tractors to Defendant's trailers which are loaded with packages for each day's deliveries.

28. Defendant assigned Plaintiff a tractor that accommodated his obesity because it had ample leg room and generous seat positioning between the seat and the adjustable steering wheel such that it was safe for Plaintiff to operate.

29. However, while Plaintiff was off of work for a short vacation, another driver, L. Santana, drove Plaintiff's tractor. During the normal course of making deliveries, Mr. Santana was in an accident causing damage to Plaintiff's tractor.

30. Upon Plaintiff's return to work, Plaintiff's assigned tractor was inoperable. As a result, Defendant offered Plaintiff a replacement tractor which Defendant knew would not accommodate Plaintiff's disability. The offered tractor offered did not have adjustable seats and the wheel was stationary and unable to be adjusted such that Plaintiff could not create enough room between the steering wheel, dashboard, and the seat to sit in a position where he could safely operate the tractor.

31. Plaintiff informed Defendant the offered tractor would not accommodate his size and it was not safe for him to operate.

32. Without engaging in the interactive process to find a reasonable accommodation, Defendant sent Plaintiff home without pay.

33. Plaintiff reached out to Raymond Smith, Roy Wethy, Terminal Manager, and Susan Lacey, Human Resources, to discuss his need for a reasonable accommodation but he got no response other than the denial of his request.

34. Plaintiff was permitted to use Louis Ramirez's tractor as an accommodation for one day while Mr. Ramirez was on a scheduled day off.

35. Plaintiff asked Mr. Wethy for permission to continue to use Mr. Ramirez's tractor only on Mr. Ramirez's days off. Due to Plaintiff's disability, Defendant refused Plaintiff's request.

36. Plaintiff also identified three (3) other tractors which would accommodate his disability but Defendant refused to permit Plaintiff to use them.

37. Outside of the above-mentioned day, Plaintiff was forced to remain home as Defendant would not provide a tractor to accommodate Plaintiff's disability.

38. Per Defendant's policies, Plaintiff called Defendant daily to inquire about his work schedule, a tractor to accommodate him, and determine when he would be placed back on the schedule to work. Each day, Plaintiff was told to remain home.

39. Defendant further discriminated against Plaintiff when it failed to permit him to perform available "dock" work as an alternative to delivering packages. Of note, Defendant permitted non-disabled employees such as David Robles the opportunity to perform dock work when Mr. Robles was unable to drive a tractor due a suspended driver's license.

40. Despite Plaintiff's daily calls to Defendant and available dock work, Defendant repeatedly told Plaintiff there was no work available and not to come in causing Plaintiff to accrue unexcused absences which ultimately created pretext for his termination.

41. In total, Defendant refused to provide Plaintiff with working equipment or an alternative for four (4) days resulting in four (4) baseless disciplinary actions for alleged unexcused absences.

42. Plaintiff raised his concerns to Ken Fritz in Defendant's Corporate Office but no remedial action was taken.

43. Defendant then terminated Plaintiff's employment because of his disability.

44. Defendant's illegal conduct has caused Plaintiff harm.

**Count I: Disability Based Discrimination under the ADA**

45. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-44 above.

46. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

47. Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

48. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

49. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

50. Plaintiff has been damaged by Defendant's illegal conduct.

51. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

52. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

53. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count II: Retaliation under the ADA

54. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-44 above.

55. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

56. Defendant's conduct violates the ADA.

57. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

58. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

59. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count III: Handicap Based Discrimination in Violation of the FCRA

60. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-44 above.

61. Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

62. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

63. Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on his handicap.

64. Defendant intentionally discriminated against Plaintiff on the basis of his handicap

65. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

66. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages.

## Count IV: Retaliation in Violation of the FCRA

67. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-44 above.

68. At all times relevant to this action, Plaintiff was a qualified employee with a handicap under the FCRA.

69. Defendant intentionally retaliated against Plaintiff for engaging in protected activity when he raised concerns about Defendant's discriminatory behavior.

70. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental

anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

71. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Abby D. Salzer*
Abby D. Salzer
Florida Bar No.: 591475
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 104
F: (866) 580-7499
Abby.Salzer@spielbergerlawgroup.com